UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KRISTEN SILK,

      Plaintiff,

v.                                         CASE NO: 8:06-cv-33-T-23TBM

JOE ALBINO, et al.,

      Defendants.

_____/


## ORDER

Kristen Silk ('Silk") moves (Doc. 21) for summary judgment against her former

employer, Joe Albino ("Albino"), for recovery of unpaid minimum wages and other relief

under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  Silk avers that Albino

failed to pay her a minimum wage for work she performed at Albino's business, Styling

Concepts, during the weeks of March 28, 2005, and April 4, 2005 (Doc. 1 at 2-3).  In

response, Albino opposes Silk's summary judgment motion and denies any liability

under the FLSA (Doc. 25).

Summary judgment follows only if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law."  Rule 56(c), Federal Rules of Civil Procedure;  Celotex

Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).  A disputed material fact precludes

summary judgment.  Matsushita Elec. Ind. v. Zenith Radio Corp., 475 U.S. 574, 587-88

(1986).  Unsworn and conclusory allegations are insufficient to support summary

judgment.  Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  The existence of a

mere scintilla of evidence in opposition will not preclude summary judgment.  Anderson

v. Liberty Lobby, Inc., 106 S Ct. 2505, 2512 (1986).

To demonstrate entitlement to summary judgment, Silk first must establish

coverage under the FLSA.  To qualify for relief under the FLSA, an employee may

demonstrate either "enterprise coverage" or "individual coverage."  Alonso v. Garcia,

147 Fed. Appx. 815, 816 (11th Cir. 2005).  Claiming that she is an employee "engaged

in commerce," Silk asserts only "individual coverage" under the FLSA.

The FLSA regulates employment activities constituting interstate commerce, not

activities merely affecting interstate commerce.  McLeod v. Threlkeld, 319 U.S. 491, 493

(1943).  An employee is "engaged in commerce" under the FLSA if he directly

participates in the actual movement of persons or things in interstate commerce by (1)

working for an instrumentality of interstate commerce (i.e., a transportation or

communication industry employee) or (2) by regularly using the instrumentalities of

interstate commerce in his work (i.e., regular and recurrent use of interstate telephone,

telegraph, mail, or travel).  See  29 C.F.R. § 776.23(d)(2) (2007); 29 C.F.R. § 776.24

(2007).  An employee is not "engaged in commerce" unless his activities are "so directly

and vitally related to the functioning of an instrumentality or facility of interstate

commerce as to be, in practical effect, a part of it, rather than isolated local activity."

Mitchell v. C.W. Vollmer & Co., 349 U.S. 427, 429 (1955).  In sum, whether an

employee is "engaged in commerce" under the FLSA is measured by the cumulative

effect of the employee's total activities on interstate commerce.  Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207 (1959).

Silk's affidavit (the only evidence offered in support of summary judgment) attests that Silk's job duties at Styling Concepts required her regular use of the channels of interstate commerce such as the internet, the telephone, and the mail (Doc. 21-2 at 1). Silk further recounts her regular use of credit cards to purchase goods from companies outside Florida (Doc. 21-2 at 1).  Silk describes her duties as including the regular movement of things (such as furniture) that originated outside Florida (Doc. 21-2 at 1). Finally, Silk states that she regularly used the mail to pay Albino's creditors outside the state of Florida (Doc. 21-2 at 2).

Silk's evidence is directly challenged by Albino's affidavit, which categorically denies that Silk ever used interstate mail in the performance of her duties (Doc. 25-3). Albino states that "Ms. Silk was not allowed to order any products for my company or for my customers, and I would order all of the furniture, fabrics and other material that I used in furnishing the homes of my customers" (Doc. 25-3).  Albino also states that "Ms. Silk never paid any of my bills, but simply would write checks, which I would sign and mail to creditors" (Doc. 25-3).  Finally, Albino's affidavit states that "[a]t no time did Ms. Silk deliver any furniture or other goods ordered from out of state to any of my customers" (Doc. 25-3) and that she was "incapable of doing so" (Doc. 25-4).

In considering a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986).  The parties' irreconcilable versions of Silk's job duties present genuine issues of material fact resolvable only by a jury.  Accordingly, Silk's motion for summary judgment (Doc. 21) is **DENIED**.

ORDERED in Tampa, Florida, on March 17, 2007.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**